UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 26-49251 |
| WARRIOR SPORTS HOLDINGS, LLC, | In Proceedings Under Chapter 11 |
| Debtor. | |
| _______________________________/ | Hon. Paul R. Hage |

**DEBTOR'S FIRST DAY MOTION FOR ORDER AUTHORIZING PAYMENT OF PREPETITION WAGES, SALARIES, AND EMPLOYEE BENEFITS**

Warrior Sports Holdings, LLC, (the "**Debtor**"), by and through its proposed counsel, Schafer and Weiner, PLLC, for its *First Day Motion for Order Authorizing Payment of Prepetition Wages, Salaries, and Employee Benefits* (the "**Motion**"), states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**")[1] and FRBP 6003.

## GENERAL ALLEGATIONS

5. On August 19, 2026 (the "**Petition Date**"), the Debtor filed its Voluntary Petition under Chapter 11 of the Bankruptcy Code commencing the above-captioned case (the "**Case**").

6. Since the Petition Date, the Debtor has operated as a debtor-in-possession pursuant to sections 1107 and 1108.

7. No official committee of creditors holding unsecured claims or other committees have been appointed under section 1102.

8. Michael Scott, Jr. ("**Mr. Scott**") is the Debtor's sole member, president, and responsible person.

9. The *Declaration of Michael Scott, Jr. in Support of the Debtor's Chapter 11 Petition and First Day Pleadings* (the "**Scott Declaration**"), filed contemporaneously herewith and incorporated by reference herein, describes Debtor's operations and the events leading up to its bankruptcy.

---

[1] Except as otherwise provided herein, (1) all section reference are references to sections of the Bankruptcy Code, (2) all references to "FRBP" are references to the Federal Rules of Bankruptcy Procedures, and (3) all references to ECF Nos. are references to docket numbers in the above-captioned case.

## <u>Wages and Employee Benefits</u>

10. The Debtor employs six (6) individuals (collectively, the "**Employees**"): five are hourly and Mr. Scott receives periodic draws equal to $10,000 per month and auto expense of $750.00 per month (the "**Auto Expense**").

11. The vast majority of the value of Debtor's business arises from its ongoing operations. The Employees are instrumental in allowing the Debtor to continue operating as a going concern.

12. Prior to the Petition Date, and in the ordinary course of business, the Employees were paid bi-weekly (the "**Wages**") on Fridays for previous two-week's labor ending one week earlier.

13. On the Petition Date, Debtor owed the Employees' Wages for the period beginning August 8, 2026 through the Petition Date, which should be paid on August 28, 2026. The gross amount of the prepetition Wages due the Employees is approximately $6,254.57 (the "**Prepetition Payroll**").

14. Of the Employees, only Mr. Scott is an Insider as defined in section 101(31)(B), and he is not seeking payment of any prepetition wages or prepetition Auto Expense.

15. The Employee Wages are paid using Paymaster, Inc. ("**Paymasters**") as Debtor's payroll provider at a cost of approximately $53.74 per pay period (the "**Payroll Costs**").

16. Debtor does not provide the Employees with any fringe benefits, insurance, or retirement benefits.

17. Wages and Payroll Costs are collectively referred to as the "**Employee Obligations**".

18. Debtor is also required by law to withhold from its Employees' Wages amounts related to federal, state, and local income taxes, as well as social security and Medicare taxes (collectively, the "**Withholding Taxes**") and to remit the same to the appropriate taxing authorities (collectively, the "**Taxing Authorities**").

19. Debtor is further required to make matching payments from its own funds on account of social security and Medicare taxes, and to pay, based on a percentage of gross payroll and subject to state-imposed limits, additional amounts to the Taxing Authorities for, among other things, state and federal unemployment insurance (together with the Withholding Taxes, the "**Payroll Taxes**").

20. Debtor further makes other deductions for certain Employees for garnishments, child support, chapter 13 wage order, and the like.

21. No Employee will receive prepetition Employee Obligations in excess of $17,150, the amount set for priority prepetition employee compensation and benefits by sections 504(a)(4)-(5).

{01183975.2}

## RELIEF REQUESTED AND BASIS FOR SAME

22. Through this Motion, Debtor is seeking authority to pay the Employee Obligations, which would represent prepetition claims.

23. Under sections 363(b) and 105(a), and the "necessity of payment" doctrine, Debtor seeks authority to pay the prepetition employment obligations identified above to its current employees. *See* e.g., In re Gulf Air Inc.**,** 112 B.R. 152, 153 (Bankr. W.D. La 1989) (the Court authorized payment of all salaries and wages, per diem expenses, life and health insurance premiums and workers compensation premiums for company's 550 employees and dependents recognizing that the maintenance of the Debtor's work force was "indispensable" to its reorganization efforts). In re Michigan State Railway Company, Inc.**,** 87 B.R. 921 (Bankr. E.D. Mich. 1988) (although dealing with a railroad reorganization, a necessity of payment rule was recognized when it was demonstrated that the payment of the prepetition claim was necessary to maintain business of the Debtor). *See also* In re Goodrich Quality Theatres, 616 B.R. 514, 517 (Bankr. W.D. Mich. 2020) (discussing the legal basis for the necessity of payment doctrine and noting that "[t]he need to make payroll in order to avoid immediate an irreparable harm is practically self-evident." 616 B.R. at 521); In re UNR Industries, Inc.**,** 143 B.R. 506, 519 (Bankr. N.D. Ill. 1992) (employee payments authorized since the "necessity doctrine may be used to permit a Debtor to pay the

{01183975.2}

prepetition claims of . . . employees whose continued cooperation is essential to the Debtor's successful reorganization.").

24. If Debtor is unable to pay Employee Obligations on or before August 28, 2026, which must be funded on August 26, 2026, the Employees may suffer extreme personal hardship and be unable to pay their daily living expenses.

25. Furthermore, if Debtor does not promptly pay the Employee Obligations, the Employees may quit or walk off the job leaving Debtor without the ability to operate and crippling Debtor's reorganization at the outset of the proceeding.

26. Given the uncertainty of the Chapter 11 process and the upheaval which the transition to Chapter 11 may have on Employees, it is important for Debtor to retain these experienced Employees and maintain the goodwill of these Employees so that Debtor's business operations are not adversely harmed.

## REQUESTED HEARING DATE

27. To pay the Employees (defined below) for work performed prior to the Petition Date, which is due on August 28, 2026, and induce the Employees to continue working for Debtor, Debtor must pay the Prepetition Payroll according to the ordinary schedule. Debtor must fund these amounts which include garnishments, child support, or other employee wage deduction orders under which

Paymasters is obligated to deduct a portion of an Employee's paycheck and pay that amount to a third party.

28. As a result, Debtor respectfully requests that the Court schedule a hearing on this Motion to be heard contemporaneously with the hearing scheduled on Debtor's *First Day Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Providing Adequate Protection*, which was filed contemporaneously herewith.

## **NOTICE**

29. Notice of this Motion will be given to (a) the United States Trustee, (b) identified secured creditors, and (c) Debtor's twenty largest unsecured creditors. In light of the nature of the relief requested, Debtor submits that no further notice is required.

## **NO PRIOR REQUEST**

30. No previous motion for the relief requested herein has been made to this or any other court.

**WHEREFORE**, Debtor respectfully requests that the Court enter an order, substantially in the form attached as **Exhibit A**, (i) authorizing Debtor, in its sole discretion, to pay and honor the Employee Obligations; (ii) directing Debtor's banks and other financial institutions to receive, process, honor, and pay all checks

and electronic payments related to the Employee Obligations; and (iii) granting such other relief as is just and equitable.

Respectfully submitted,

SCHAFER AND WEINER, PLLC

/s/ John J. Stockdale, Jr.
JOHN J. STOCKDALE, JR. (P71561)
Proposed Attorneys for Debtor
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340
jstockdale@schaferandweiner.com

Dated: August 20, 2026

# EXHIBIT A

**EXHIBIT**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Case No. 26-49251 |
| WARRIOR SPORTS HOLDINGS, LLC, | In Proceedings Under Chapter 11 |
| Debtor. ______________________________/ | Hon. Paul R. Hage |

**ORDER GRANTING DEBTOR'S FIRST DAY MOTION FOR ORDER AUTHORIZING PAYMENT OF PREPETITION WAGES, SALARIES, AND EMPLOYEE BENEFITS**

Upon the above-captioned debtor's (the "**Debtor**") *First Day Motion for Entry of an Order Authorizing Payment of Prepetition Wages, Salaries, and Employee Benefits* (the "**Motion**"); and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of Debtor, its estate, creditors,

{01183975.2}

and other parties-in-interest; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED:**

1. The Motion is GRANTED.

2. That Debtor is authorized, but not directed, to pay the Employee Obligations as set forth in the Motion. The authority provided herein for each employee is capped at $17,150, the amount set for priority prepetition employee compensation by 11 U.S.C. §§ 507(a)(4)-(5).

3. That Debtor is authorized, but not directed, to pay all incidental costs and expenses related to the Employee Obligations.

4. Debtor's banks and other financial institutions are directed to receive, process, honor, and pay all checks and electronic payments related to the Employee Obligations.

5. Payment of the Employee Obligations is subject to the terms of any order authorizing Debtor's to use cash collateral.

6. Debtor is excused from its obligations to individually identify each Employee as a creditor in this bankruptcy case with respect to Employee Obligations described in the Motion. Debtor shall identify, where necessary, any the Employee Wages in the aggregate as "Various Employee Wages."

7. Notwithstanding any provision in Fed. R. Bankr. P. 6003 or 6004 to the contrary, (a) this Order will be effective immediately and enforceable upon its entry; (b) Debtor is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) Debtor is authorized and empowered, and may in its discretion and without further delay, take any action necessary or appropriate to implement this Order.

8. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.