**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Case No. 26-49251 |
| WARRIOR SPORTS HOLDINGS, LLC, | In Proceedings Under Chapter 11 |
| Debtor.<br>_______________________________/ | Hon. Paul R. Hage |

# DEBTOR'S COVER SHEET FOR ITS FIRST DAY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

Warrior Sports Holdings, LLC ("**Debtor**"), by and through its proposed counsel, Schafer and Weiner, PLLC, filed its *First Day Motion for Entry of an Order Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection* (the "**Motion**"), and in accordance with LBR 4001-2(b) (E.D.M.), has identified below, by page and paragraph number, the location in the proposed order accompanying the motion of each of the following provisions:

| **PROVISION** | **CONTAINED IN PROPOSED ORDER** | **LOCATION PROPOSED ORDER** |
|---|---|---|
| (1) Provisions that grant liens on the estate's claims and causes of action arising under Chapter 5 of the Code. | ☐ Yes<br>☒ No | Page __, ¶ __ |

| | | |
|---|---|---|
| (2) Provisions that grant cross-collateralization protection to the prepetition secured creditor (i.e., clauses that secure prepetition debt with categories of collateral that were not covered by the secured party's lien prepetition) other than liens granted solely as adequate protection against diminution in value of a prepetition creditor's collateral. | ☐ Yes<br>☒ No | Page __, ¶ __ |
| (3) Provisions that establish a procedure or conditions for relief from the automatic stay. | ☐ Yes<br>☒ No | Page __, ¶ __ |
| (4) Provisions regarding the validity or perfection of a secured creditor's prepetition liens or that release claims against a secured creditor. | ☐ Yes<br>☒ No | Page __, ¶ __ |
| (5) Provisions that prime any lien without that lienholder's consent. | ☐ Yes<br>☒ No | Page __, ¶ __ |
| (6) Provisions that relate to a sale of substantially all of the debtor's assets. | ☐ Yes<br>☒ No | Page __, ¶ __ |
| (7) Provisions for the payment of professional fees of the debtor or any committees, including any carve-outs for such payments. | ☒ Yes<br>☐ No | Pages 5, ¶ 10 |
| (8) Provisions for the payment of prepetition debt. | ☐ Yes<br>☒ No | Page __, ¶ __ |

| | | |
|---|---|---|
| (9) Provisions that waive the debtor's exclusive right to file or solicit acceptances of a plan during the time periods specified in 11 U.S.C. § 1121. | ☐ Yes<br>☒ No | Page __, ¶ __ |
| (10) Provisions that require the debtor's plan to be on terms acceptable to the secured creditor. | ☐ Yes<br>☒ No | Page __, ¶ __ |
| (11) Provisions that require or prohibit specific terms in the debtor's plan. | ☐ Yes<br>☒ No | Page __, ¶ __ |
| (12) Provisions establishing that proposing a plan inconsistent with the order constitutes a default. | ☐ Yes<br>☒ No | Page __, ¶ __ |
| (13) Provisions that waive surcharge under 11 U.S.C. § 506(c). | ☐ Yes<br>☒ No | Page __, ¶ __ |
| (14) Provisions that address the rights and obligations of guarantors or co-obligors. | ☐ Yes<br>☒ No | Page __¶ __ |
| (15) Provisions that prohibit the debtor from seeking approval to use cash collateral without the secured creditor's consent. | ☐ Yes<br>☒ No | Page __, ¶ __ |
| (16) Provisions that purport to bind a subsequent trustee. | ☐ Yes<br>☒ No | Page __, ¶ __ |
| (17) Provisions that obligate the debtor to pay any of a secured creditor's professional fees. | ☐ Yes<br>☒ No | Page __, ¶ __ |

(signature on next page)

Respectfully submitted,

SCHAFER AND WEINER, PLLC

/s/ John J. Stockdale, Jr.
JOHN J. STOCKDALE, JR. (P71561)
Proposed Attorneys for Debtor
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340
jstockdale@schaferandweiner.com

Dated: August 20, 2026

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Case No. 26-49251 |
| WARRIOR SPORTS HOLDINGS, LLC, | In Proceedings Under Chapter 11 |
| Debtor. | |
| ______________________________/ | Hon. Paul R. Hage |

**DEBTOR'S FIRST DAY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

Warrior Sports Holdings, LLC ("**Debtor**"), by and through its proposed counsel, Schafer and Weiner, PLLC, for its *First Day Motion for Entry of an Order Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection* (the "**Motion**") states as follows:

## GENERAL ALLEGATIONS

1. On August 19, 2026, (the "**Petition Date**"), the Debtor filed a Voluntary Petition under Chapter 11 of Title 11 of the the United States Code (the "**Bankruptcy Code**")[1] commencing the above-caption case (the "**Case**").

[1] Except as otherwise noted herein, (1) all section references are references to sections of the Bankruptcy Code, (2) all references to FRBP are references to the Federal Rules of Bankruptcy Procedure, and (3) all references to ECF Nos. are references to docket numbers in the Case.

2. Since the Petition Date, the Debtor has remained in possession of its assets and is authorized to operate and manage its business as a Debtor-in-Possession under sections 1107 and 1108.

3. No trustee or examiner has been requested or appointed in the Case, and no official committee of creditors holding unsecured claims or other committees have been appointed in the Case.

4. Michael Scott, Jr. is the authorized person for the Debtor and is the responsible person for the Debtor-in-Possession.

5. This Court has jurisdiction over the matters relating to this Motion pursuant to 28 U.S.C. §1334(a) and E.D. Mich. LR 150.1(a).

6. This is a core matter pursuant to 28 U.S.C. §157(b)(2)(M).

7. The Debtor files this Motion pursuant to sections 361 and 363, Fed. R. Bankr. P. 4001(b), and Local Rule 4001-2.

8. Contemporaneously with the filing of this Motion, the Debtor filed the *Declaration of Michael Scott, Jr. in Support of Debtor's Petition and First Day Motions* (the "**Scott Declaration**"), which is incorporated into this Motion as though fully set forth herein. Information regarding the Debtor's history and business operations, capital structure and secured indebtedness, and the events leading up to the commencement of the Bankruptcy Case, can be found in the Scott Declaration.

## BACKGROUND AND HISTORY

9. The Debtor acquired the business of One Concepts, LLC d/b/a Precision One Ammunition during September of 2023 and manufactures new and remanufactured ammunition in a large variety of calibers for consumer and governmental purposes

10. The majority of the Debtor's value arises from its ongoing operations and its ability to continue servicing its customers. Without authority to use cash collateral: (i) the Debtor will suffer irreparable harm; (ii) its reputation will be impaired; (iii) it will be unable to continue to perform and satisfy its customers; and (iv) its employees and customers will abandon it because the Debtor will not be able to pay for their services or service their contracts.

11. On the Petition Date, the Debtor, without admission, believes its cash collateral (the "Cash Collateral") consists of the following:

a. Cash of approximately $ 3,718.20.

## NATURE OF DEBT

12. A copy of the State of Michigan's report of filings under the Uniform Commercial Code ("**UCC**") dated August 17, 2026, is attached as **Exhibit B**, which reflects the UCC-1 filings filed against the Debtor as of August 13, 2026.

13. Upon information and belief, Pathward National Association ("**Pathward**") will assert a first priority security interest in substantially all of the

Debtor's assets in an amount equal to, at least, $5,727,300.19[2]. Upon information and belief, Pathward's UCC-1 financing statement asserting an all-asset lien.

14. No other party-in-interest asserts a perfected interest in the Debtor's Cash Collateral. *See* **Exhibit B**.

15. Nothing in this Motion may be construed as an admission by the Debtor as to any liability or the amount of any indebtedness, or as an admission by the Debtor with respect to the validity, extent, priority, and/or enforceability of any alleged lien against any of the Debtor's assets.

## REQUEST FOR USE OF CASH COLLATERAL

16. The Debtor requires the use of Cash Collateral to make payments necessary for the continuation of its business as shown in the budget attached as **Exhibit C** (the "**Budget**").

17. The Budget projects the Debtor's anticipated revenue and expenses and reflects the amount of funds the Debtor must spend on its operations over the thirteen-week period. Id.

18. The projected revenue and expenses in the Budget are based upon historical financial data and Debtor's anticipated operations over the thirteen-week period.

[2] As of December 2, 2024.

19. As shown in the Budget, the Debtor must be authorized to use $204,671 of Cash Collateral to avoid immediate and irreparable harm before the date of the final hearing or the date this Order becomes a final order (which the Debtor assumes is twenty-one (21) days of Cash Collateral usage).

20. The Debtor requests authorization to use Cash Collateral limited to $204,671 prior to the entry of a final order authorizing the Debtor to use Cash Collateral or the time this Order becomes a final order, as the case may be, unless ordered otherwise. Pending entry of a final order, the Debtor requests use of Cash Collateral in accordance with the line item amounts set forth in the Budget, with a fifteen percent (15%) variance by line item on a monthly basis.

21. During the first twenty-one (21) days of this Case, the Debtor projects an increase in cash to $14,525.20. Id. As a result, there will be no diminution in Cash Collateral over the first twenty-one (21) days of this Case.

22. In order to ensure the Debtor's operations on a cash flow basis, Debtor's principal will loan the Debtor $50,000 on an unsecured basis in week three of the Budget and through confirmation of a plan of reorganization subordinated to the Debtor's professionals' fees. 11 U.S.C. § 365(a).[3]

[3] Historically, the Debtor's principal has lent money to the Debtor to cover its operating costs when the Debtor was short on funds, and, as a result, this lending is an ordinary course transaction.

23. Without the ability to make the payments as set forth in the Budget, the Debtor will be unable to continue its operations. A substantial portion of the Debtor's value arises from the continuance of ongoing operations.

## **ADEQUATE PROTECTION AND DISTRIBUTIONS**

24. The Debtor will use the Cash Collateral only in accordance with the Budget to pay for the fees and expenses as may be necessary to continue Debtor's operations and to comply with all Chapter 11 requirements, including statutory fees payable to the United States Trustee.

25. As adequate protection under sections 361 and 363 of the Bankruptcy Code for any security interests that Pathward may assert, and to the extent that the Debtor uses Cash Collateral and does not replace same, Debtor offers replacement liens in the same types and descriptions of collateral which secured Pathward's or other secured creditors' (collectively, the "Secured Creditors") pre-petition liabilities and which are created, acquired or arise after the Petition Date.[4]

26. The Debtor will thereby be able to provide its Secured Creditors with adequate protection through its continuing operations and through the replacement

---

[4] To the extent that this Court determines that any other creditor has an interest in Cash Collateral, Debtor will offer that creditor substantially the same treatment offered in this Motion. The priority of replacement liens provided to such creditor, if any, shall remain consistent with the priority of the lien held by that creditor prior to the Petition Date.

liens. *See, e.g.*, Matter of Pursuit Athletic Footwear, Inc., 193 B.R. 713 (Bankr. D. Del. 1996).[5]

27. In addition to replacement liens, the Debtor proposes to pay $16,445 per month to Pathward as additional adequate protection.

28. On the basis of the adequate protection submitted above, the Debtor submits that it should be granted authority to use the Cash Collateral.

29. As part of its request to use Cash Collateral, the Debtor is requesting that this Court allow the Debtor to escrow, on a monthly basis, $7,500.00 into a debtor-in-possession account earmarked to pay the professional fees and expenses incurred by its legal counsel in connection with the bankruptcy proceeding to the extent the fees and expenses are allowed by this Court (the "**Professional Fees**").[6] The amounts for any professional set forth in the Budget shall not constitute a limitation, maximum, or cap on the amount of fees and expenses of that professionals may incur or be paid by the estate in this Case.

30. The Debtor submits that the Professional Fees will remain property of the estate, until such time that Professional Fees are allowed by Court order and will

[5] In Pursuit Athletic Footwear, the Court found that credible projections of post-petition operating profits provided the secured creditor with adequate protection**.** 193 B.R. at 717-718.

[6] The Debtor has filed or will file an *Application to Employ Schafer and Weiner, PLLC as General Bankruptcy Counsel for the Debtor and Debtor-in-Possession* on the Petition Date.

be free and clear of the liens, claims, and encumbrances of the Secured Creditors. This arrangement provides a practical and necessary mechanism for the payment of allowed administrative expenses to Debtor's retained professionals.

## CONCLUSION

31. Without authority to use Cash Collateral, the Debtor will suffer harm that would be detrimental to the bankruptcy estate and its creditors. Without the use of Cash Collateral, the Debtor could not continue operations or meet its administrative expense obligations incurred during this Case.

32. The entry of an order authorizing Debtor's use of Cash Collateral and granting adequate protection will minimize disruption of the Debtor's business and will maximize the value of the Debtor's assets, and is, therefore, in the best interests of the estate and its creditors.

## NOTICE

33. Notice of this Motion will be given as required by FRBP 4001(b)(1)(C) to (i) the United States Trustee for the Eastern District of Michigan, (ii) identified Secured Creditors, and (iii) the Debtor's twenty largest unsecured creditors.

34. No previous motion for the requested relief has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests this Honorable Court enter a proposed Order, substantially in the form attached as **Exhibit A**, (a) authorizing the

Debtor to use Cash Collateral, (b) granting the adequate protection; and (c) granting such further relief as is just and equitable to Debtor and the estate.

Respectfully submitted,

SCHAFER AND WEINER, PLLC

/s/ John J. Stockdale, Jr.
JOHN J. STOCKDALE, JR. (P71561)
Proposed Attorneys for Debtor
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340
jstockdale@schaferandweiner.com

Dated: August 20, 2026

# EXHIBIT A

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>WARRIOR SPORTS HOLDINGS, LLC,<br><br>Debtor.<br>________________________________/ | Case No. 26-49251<br><br>In Proceedings Under<br>Chapter 11<br><br>Hon. Paul R. Hage |

**INTERIM ORDER GRANTING DEBTOR'S FIRST DAY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

Upon consideration of Warrior Sports Holdings, LLC's ("**Debtor**") *First Day Motion for Entry of Order Authoring the Debtor to Use Cash Collateral and Granting Adequate Protection* (the "**Motion**") and the Scott Declaration; and the Court having jurisdiction pursuant to sections 157 and 1334 of title 28 of the United States Code to consider the Motion and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and this matter being a core proceeding within the meaning of section 157 of title 28 of the United States Code; and the Court having determined that the relief sought in the Motion is in the best interest of the Debtor, its creditors, and all parties-in-interest; and the Court having heard the sufficient evidence and statements of counsel regarding the Motion and having determined

that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, therefore;

**THE COURT HEREBY FINDS:**

A. On August 19, 2026 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

B. Since the Petition Date, the Debtor has continued in possession of its assets and has continued to operate its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code and no Official Committee of Unsecured Creditors has been formed.

C. The Debtor requires the use of the Cash Collateral for the maintenance and preservation of its assets, and for the operation of its business and the payment of business expenses in the ordinary course.

D. The relief provided herein is necessary, essential, and appropriate for the continued operation of the Debtor's business and the management and preservation of its assets, and is otherwise necessary to avoid immediate and irreparable harm to the Debtor and its estate pending a final hearing on the Motion.

E. The Debtor provided notice of the initial hearing on the Motion by serving notice in accordance with Local Rule 9013-1 (E.D. Mich.). The notice provided is appropriate, adequate and proper under the circumstances of this case in accordance with Fed. R. Bankr. P. 4001(b) and Local Rule 4001-2 (E.D. Mich.).

In light of the foregoing, **IT IS HEREBY ORDERED** that:

1. The Motion is **GRANTED** as set forth in this Order.

2. All capitalized terms not defined in this Order shall have the meaning ascribed to them in the Motion.

3. The Debtor is authorized to use Cash Collateral and grant adequate protection in accordance with the Budget and terms of the Motion.

4. The amount of Cash Collateral necessary for the Debtor to use to avoid immediate and irreparable harm before the date of the final hearing or the date this Order becomes a final order, in the absence of a timely objection and final hearing, is $204,671 (assuming twenty-one (21) days of Cash Collateral usage) and the Debtor's authorized use of Cash Collateral is limited to that amount prior to the entry of a final order authorizing the Debtor to use Cash Collateral or the time this Order becomes a final order, as the case may be, unless ordered otherwise. Pending entry of a final order, the Debtor may use Cash Collateral in accordance with the line item amounts set forth above in accordance with the Budget, with a fifteen percent (15%) variance per line item on a monthly basis.

5. Within fourteen (14) days before the expiration of the Budget, Debtor shall file a replacement Budget with the Court. Parties-in-interest shall have seven (7) days thereafter to file any objection to the proposed replacement Budget. If no party-in-interest objects to the proposed replacement Budget, it shall become the

Budget. If a party-in-interest objects to the proposed replacement Budget, the Court shall set a hearing on such objection as soon as possible and the Debtor's use of Cash Collateral shall continue through the date of such hearing absent further order of this Court.

6. As adequate protection under section 361 and 363 of the Bankruptcy Code for any security interest that the alleged Secured Creditors that may assert in the Cash Collateral of the Debtor, to the extent that the Debtor uses such Cash Collateral and does not replace it, are hereby granted replacement liens in the same type and description of collateral that were secured by the applicable pre-petition loan documents, which are created, acquired, or arise after the Petition Date. None of the replacement liens granted under this Order in any way encumber (a) any claims pursuant to Sections 502(d), 544, 545, 547, 548, 549, 550, 551 or 553 of the Bankruptcy Code ("**Avoidance Claims**"), or (b) any proceeds or property recovered in connection with the successful prosecution or settlement of any of the Avoidance Claims ("**Avoidance Proceeds**").

7. For clarity, notwithstanding any provision of this Order or in any other document, no lien shall attach to Avoidance Claims or Avoidance Proceeds. Further, no administrative claim (including, without limitation, claims arising under section 503(b) of the Bankruptcy Code with superpriority pursuant to section 507(b) of the Bankruptcy Code) or other priority claim under this Order shall be

payable from or have recourse to any Avoidance Claims, Avoidance Proceeds, or claims under 11 U.S.C. § 506(c).

8. The Debtor shall pay $16,445 per month to Pathward as additional adequate protection consistent with the Budge.

9. The Debtor is authorized under 11 U.S.C. § 364(a)-(b) to borrow up to $50,000 from Debtor's principal, Michael Scott, Jr., on an unsecured basis and allowable as an administrative expense under 11 U.S.C. § 503(b)(1), subordinate to the fees and costs of Debtor's professionals.

10. The Debtor shall, within twenty-four (24) hours following the entry of this Order, serve copies of this Order and the Debtor's motion for entry of this Order with all attachments on (i) the 20 largest unsecured creditors, (ii) all secured creditors, (iii) the United States Trustee's Office, and (iv) all other parties who are required to be served under Fed. R. Bankr. P. 4001(d).

11. All parties seeking to object to this Order must file a written objection on or before September __, 2026 at 5:00 p.m. prevailing Eastern time. If an objection is timely filed, the final hearing on this Order will be held before the Honorable Lisa S. Gretchko, United States Bankruptcy Judge, in courtroom 1975, located at 211 West Fort Street, Detroit, Michigan, on September ___, 2026 at 3:00 p.m. If no timely objection is filed, then this Order will become a final order without a further hearing, and the Debtor will be authorized to spend Cash

Collateral for those expenses referenced in the Motion, as well as any other expenses necessary for operating the business in the ordinary course going forward.

12. The Debtor's authority to use Cash Collateral shall continue until otherwise ordered by this Court.

13. The Debtor is authorized to segregate in a Debtor-In-Possession account up to $7,500 per month earmarked for the payment of Debtor's professional fees consistent with the Budget. The amounts for any professional set forth in the Budget shall not constitute a limitation, maximum, or cap on the amount of fees and expenses of that professionals may incur or be paid by the estate in this Case. The segregated funds for professional fees will remain property of the estate until such time that fees are allowed under 11 U.S.C. § 330, and such funds shall be free and clear of the liens, claims and interest of any alleged Secured Creditor.

14. Nothing in this Order may be construed as an admission by Debtor as to any liability or the amount of any indebtedness, or as an admission by Debtor with respect to the validity, extent, priority, and/or enforceability of any alleged lien against any of Debtor's assets.

# EXHIBIT B

Secretary of State
Jocelyn Benson
Michigan.gov/SOS

**Processing Date:** 08/17/2026 09:10:46 AM
**Customer Order Number:** IN123968

# UCC Information Request

## Certification Date: 08/13/2026

The Michigan Secretary of State certifies that the attached is a record, according to the search criteria specified, of all financing statements, tax liens, and amendments naming the debtor, as filed with the Uniform Commercial Code office, as of the above certification date.

**Disclaimer**
Information relative to security interest and statutory liens obtained from the index is for information purposes only. Such information does not relieve any person or business from liability, alter priorities of security interest or liens, or affect any other legal rights or responsibilities. The index primarily contains information relative to security interests and statutory liens which have been filed for record on or before the above certification date. There may be security interests and statutory liens filed after that date which are valid. A search request limited under R 440.508(1) may not reveal all filings against the debtor searched. The searcher bears the risk of relying on the limited search.

### Information Options Selected

Search Certificate and Copies - Provides a listing of liens and filings for the related UCC and tax liens. Copies of filings are also provided.

All Records including Lapsed

Search Type: **Debtor**

### Debtor Name Search Criteria

Organization's Name : **Warrior Sports Holdings, LLC**

### Search Result

**Number of Financing Statements:** 1

**Number of Copy Pages:** 1

---

**The search results from the records of the office of the Secretary of State based upon the search information you submitted as described in the search criteria section above.**

Secretary of State
Jocelyn Benson
Michigan.gov/SOS

# UCC-11 INFORMATION LISTING

Processing Date: 08/17/2026 Customer Order Number: IN123968

| Financing Statement | Registered Date | Lapsed Date | Transaction Code |
|---|---|---|---|
| 20230719000275-8 | 07/19/2023 11:17:51 AM | 07/19/2028 11:59:59 PM | UCC - UCC Lien |

**Filing List**

| Filing Reference | Received Date | Filing Type |
|---|---|---|
| 20230719000275-8 | 07/19/2023 11:17:51 AM | UCC-1 Initial Financing Statement |

**Debtor List**

| Name | Address |
|---|---|
| WARRIOR SPORTS HOLDINGS LLC | 758 S. Chester St. Birmingham MI 48009 |

**Secured Party List**

| Name | Address |
|---|---|
| PATHWARD, NATIONAL ASSOCIATION | 5501 S Broadband Ln Sioux Falls SD 57108 |

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

Michigan Department of State - Uniform Commercial Code

**Filing Number: 20230719000275-8**

Filing Date and Time: 07/19/2023 11:17 AM

Total Number of Pages: 1

*(This document was filed electronically)*

A. NAME & PHONE OF CONTACT AT FILER (optional)
**Wolters Kluwer Lien Solutions 800-331-3282**

B. E-MAIL CONTACT AT FILER (optional)
**uccfilingreturn@wolterskluwer.com**

C. SEND ACKNOWLEDGEMENT TO: (Name and Address)
**Lien Solutions**
**P.O. Box 29071**
**Glendale, CA 91209-9071 USA**

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| **WARRIOR SPORTS HOLDINGS LLC** | | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX | |
| | | | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY | |
| **758 S. Chester St.** | **Birmingham** | **MI** | **48009** | **USA** | |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | | | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| **PATHWARD, NATIONAL ASSOCIATION** | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| | | | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| **5501 S Broadband Ln** | **Sioux Falls** | **SD** | **57108** | **USA** |

4. COLLATERAL: This financing statement covers the following collateral:

**All assets of the Debtor whether now owned or hereafter acquired and wherever located. NOTICE - PURSUANT TO AN AGREEMENT BETWEEN DEBTOR AND SECURED PARTY, DEBTOR HAS AGREED NOT TO FURTHER ENCUMBER THE COLLATERAL DESCRIBED HEREIN. NOTWITHSTANDING DEBTOR'S AGREEMENT TO NOT FURTHER ENCUMBER THE COLLATERAL, IN THE EVENT THAT ANY ENTITY RECEIVES OR COLLECTS ANY OF THE COLLATERAL (INCLUDING BUT NOT LIMITED TO ACCOUNTS, INVENTORY, CHATTEL PAPER, GENERAL INTANGIBLES, INSTRUMENTS OR INVESTMENT PROPERTY) OR ITS PROCEEDS, SUCH ENTITY IS REQUIRED TO IMMEDIATELY DELIVER SUCH COLLATERAL AND ITS PROCEEDS TO SECURED PARTY, AND THE FAILURE TO DO SO MAY CONSTITUTE TORTIOUS INTERFERENCE WITH SECURED PARTY'S RIGHTS AND REMEDIES WITH RESPECT TO THE COLLATERAL AND DEBTOR.**

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
**94090765**

**FILING OFFICE COPY** — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

# EXHIBIT C

| DATE 8/19/2026 | 8/18/2026 | 8/25/2026 | 9/1/2026 | 9/8/2026 | 9/15/2026 | 9/22/2026 | 9/29/2026 | 10/6/2026 | 10/13/2026 | 10/20/2026 | 10/27/2026 | 11/3/2026 | 11/10/2026 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WEEK | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | |
| BEG. CASH | 3,718.20 | 16,528.20 | 2,273.20 | 14,525.20 | 63,092.20 | 7,626.20 | 58,669.20 | 19,228.20 | 62,995.20 | 46,729.20 | 108,352.20 | 74,697.20 | 53,686.20 | |
| SALES-CC & Instore | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | |
| LOC [1] | | | 50,000 | | | | | | | | | | | |
| A/R | | | | | | | | | | | | | | |
| RECURRING DEALER ORDERS 9MM | 19,500.00 | 39,000.00 | 39,000.00 | 39,000.00 | 39,000.00 | 39,000.00 | 39,000.00 | 39,000.00 | 39,000.00 | 39,000.00 | 39,000.00 | 39,000.00 | 39,000.00 | |
| 762 X 39 ORDERS | | 0 | | 62400 | | 62,400.00 | | 62,400.00 | | 62,400.00 | | - | | |
| MISC DEALER ORDERS | 40000 | 20000 | 20000 | 20000 | 20000 | 20000 | 20000 | 20000 | 20000 | 20000 | 20000 | 20000 | 20000 | |
| PROJECTED SUBSONIC ORDERS | | | | | 30,000.00 | | | | 40,000.00 | | | | 40,000.00 | |
| A/R COLLECTION TOTAL | 61,500.00 | 61,000.00 | 111,000.00 | 123,400.00 | 91,000.00 | 123,400.00 | 61,000.00 | 123,400.00 | 101,000.00 | 123,400.00 | 61,000.00 | 61,000.00 | 101,000.00 | |
| FREIGHT 3% OF SALES | 1,845.00 | 1,830.00 | 3,330.00 | 3,702.00 | 2,730.00 | 3,702.00 | 1,830.00 | 3,702.00 | 3,030.00 | 3,702.00 | 1,830.00 | 1,830.00 | 3,030.00 | |
| PROJECTED COGS ON CC-Instore 40%GPM | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | |
| PROJECTED COGS ON 9mm 27.5% GPM | 7,800.00 | 28,275.00 | 28,275.00 | 28,275.00 | 28,275.00 | 28,275.00 | 28,275.00 | 28,275.00 | 28,275.00 | 28,275.00 | 28,275.00 | 28,275.00 | 28,275.00 | |
| PROJECTED COGS ON 762x39 28.5% GPM | - | - | 44,616.00 | - | 44,616.00 | - | 44,616.00 | - | 44,616.00 | - | - | - | | |
| PROJECTED COGS ON MISC DEALER ORDERS 32.5% | 13,500.00 | 13,500.00 | 13,500.00 | 13,500.00 | 13,500.00 | 13,500.00 | 13,500.00 | 13,500.00 | 13,500.00 | 13,500.00 | 13,500.00 | 13,500.00 | 13,500.00 | |
| PROJECTED COGS ON SUBSONIC 52% GPM | - | - | - | 14,400.00 | - | - | - | 19,200.00 | - | - | - | 19,200.00 | - | |
| GUN POWDER STOCK | | | | | 30000 | | | | | | 30,000.00 | | | |
| COGS TOTAL | 24,345.00 | 44,805.00 | 90,921.00 | 61,077.00 | 120,321.00 | 46,677.00 | 89,421.00 | 65,877.00 | 90,621.00 | 46,677.00 | 74,805.00 | 64,005.00 | 46,005.00 | |
| SGA | | | | | | | | | | | | | | |
| Auto Insurance & Expense | | | | 656.00 | | | | 656 | | | | 656.00 | | |
| Bank Service Charges | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 | |
| Credit Card Fees | | 1,000.00 | | | | | 1000 | | | | 1,000.00 | | | |
| Computer & Webservices | | | 1100 | | | | 1,100.00 | | | | 1100 | | | |
| AUTO LEASE | | | 750.00 | | - | | 750.00 | | - | | | 750.00 | | |
| Insurance (WC+GL+Prop) | | 4270 | | | | | 4270 | | | | 4270 | | | |
| Residential Rent | | 2000 | | | - | 2,000.00 | | | | 2000 | | | | |
| MTS Salary | | 5,000.00 | | 5,000.00 | - | 5,000.00 | | 5,000.00 | - | 5,000.00 | | 5,000.00 | | |
| Officer Life | | 907.00 | | | | 907.00 | | | | | 907.00 | | | |
| Miscellaneous-Office-Meals/Travel | | | 500 | | | | 500 | | | | 500.00 | | | |
| Machinery Repair & Maint | | | 500.00 | | | 500 | | | 500 | | | 500 | | |
| Payroll ( SHOP, Admin) | | 7000 | | 7000 | | 7000 | | 7000 | | 7000 | | 7000 | | |
| Payroll Taxes | | 700 | | 700 | | 700 | | 700 | | 700 | | 700 | | |
| Professional Fees - CPA/Attorney-HITS CC | 7,500.00 | | | | 7,500.00 | | | - | 7,500.00 | | | - | 7,500.00 | |
| Rent or Lease | | 7,426.00 | | | | 7426 | | | | | 7,426.00 | | | |
| Excise Taxes-10% | | | | | | | | | | | 2,500.00 | | | |
| Supplies - cleaning, maintenance, Prop Tax | | 1,000.00 | | | | 1,000.00 | | | | | 1,000.00 | | | |
| Utilities & Telephone | | | | | 1,800.00 | | | | 1,800.00 | | | | 1,800.00 | |
| STORAGE | | 747.00 | | | | 747 | | | | | 747.00 | | | |
| Quickbooks Processing fees | | | 3000 | | | | 3,000.00 | | | | | 3,000.00 | | |
| TOTAL SGA | 7,900.00 | 30,450.00 | 6,250.00 | 13,756.00 | 9,700.00 | 25,680.00 | 11,020.00 | 13,756.00 | 10,200.00 | 15,100.00 | 19,850.00 | 18,006.00 | 9,700.00 | |
| TOTAL DISBURSEMENTS | 32,245.00 | 75,255.00 | 97,171.00 | 74,833.00 | 130,021.00 | 72,357.00 | 100,441.00 | 79,633.00 | 100,821.00 | 61,777.00 | 94,655.00 | 82,011.00 | 55,705.00 | |
| TOTAL COLLECTION | 61,500.00 | 61,000.00 | 111,000.00 | 123,400.00 | 91,000.00 | 123,400.00 | 61,000.00 | 123,400.00 | 101,000.00 | 123,400.00 | 61,000.00 | 61,000.00 | 101,000.00 | |
| net profit | | | | | | | | | | | | | | |
| Pathward Adequate Protection | 16445 | | | | 16445 | | | | 16445 | | | | 16445 | |
| Utlity Deposit Account | 0 | 0 | 1,577 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | | |
| reserved | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | | |
| United States Trustee Fees | | | | | | | | | 4,658.58 | | | | | |
| End Cash Post Deb Service | 16,528.20 | 2,273.20 | 14,525.20 | 63,092.20 | 7,626.20 | 58,669.20 | 19,228.20 | 62,995.20 | 46,729.20 | 108,352.20 | 74,697.20 | 53,686.20 | 82,536.20 | |
| Net profits from operations | 29,255.00 | (14,255.00) | 13,829.00 | 48,567.00 | (39,021.00) | 51,043.00 | (39,441.00) | 43,767.00 | 179.00 | 61,623.00 | (33,655.00) | (21,011.00) | 45,295.00 | 146,175.00 |

[1] Insider unsecured post-petition loan made in week three