**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re: Case No. 26-49251

WARRIOR SPORTS HOLDINGS, LLC, Chapter 11

Debtor. Judge Lisa S. Gretchko
_________________________________/

**INTERIM ORDER GRANTING DEBTOR'S FIRST DAY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

This case is before the Court on the motion by Warrior Sports Holdings, LLC (the "Debtor"), entitled "Debtor's First Day Motion for Entry of an Order Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection" (Docket # 11, the **"**Motion**"**). Due and sufficient notice of the Motion was given under the particular circumstances, and no other or further notice need be provided prior to the entry of this Interim Order. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334; and this proceeding is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The Court held a preliminary hearing on the Motion on August 26, 2026. There are no unresolved objections to the entry of this Interim Order. The Court finds that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties-in-interest. The Court heard sufficient evidence and statements of counsel regarding the

Motion and has determined that the legal and factual bases set forth in the Motion establish just cause for the entry of this Interim Order. The Court finds good cause to enter this Order.

**THE COURT FINDS:**

A. On August 19, 2026 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

B. Since the Petition Date, the Debtor has continued in possession of its assets and has continued to operate its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code and no Official Committee of Unsecured Creditors has been formed.

C. The Debtor requires the use of the Cash Collateral for the maintenance and preservation of its assets, and for the operation of its business and the payment of business expenses in the ordinary course.

D. The Debtor stipulates as follows:

i. The Debtor and the Lender are parties to (a) a certain Loan Agreement dated as of September 8, 2023 and (b) a Business Loan Agreement, dated September 8, 2023 (collectively the "Loan Agreements").

ii. As further set forth in the Security Agreement (defined below), the Debtor granted the Lender security interests and liens ("Prepetition

Liens") on all or substantially all personal property of the Debtor (collectively, the "Prepetition Collateral").

iii. The Debtor executed a U.S. Small Business Administration Security Agreement dated September 8, 2023 (the "Security Agreement") in favor of the Lender. The Lender perfected its security interest in the Debtor's personal property and other collateral by filing a UCC-1 Financing Statement (the "Financing Statement") with the Michigan Department of State on July 19, 2023, as Filing Number 20230719000275-8.

iv. The Loan Agreements, Security Agreement, and Financing Statement are collectively referred to herein as the "Loan Documents."

E. The relief provided herein is necessary, essential, and appropriate for the continued operation of the Debtor's business and the management and preservation of its assets, and is otherwise necessary to avoid immediate and irreparable harm to the Debtor and its estate pending a final hearing on the Motion.

F. The terms of this Order have been negotiated at arms-length with all parties represented by experienced counsel, are fair and reasonable under the circumstances, and are in good faith.

G. This Order is entered in a "core" proceeding within the meaning of 28 U.S.C. § 157 and this Court has jurisdiction over this Order.

H. The Debtor provided notice of the August 26, 2026 preliminary hearing on the Motion by serving notice in accordance with Local Rule 9013-1 (E.D. Mich.). The notice provided is appropriate, adequate and proper under the circumstances of this case in accordance with Fed. R. Bankr. P. 4001(b) and Local Rule 4001-2 (E.D. Mich.).

**IT IS ORDERED** that:

1. The Motion is granted as set forth in this Order.

2. All capitalized terms not defined in this Order have the meaning ascribed to them in the Motion.

3. The Debtor is authorized to use Cash Collateral and grant adequate protection in accordance with the Budget and terms of the Motion; provided, however, the line item labeled "Residential Rent" is stricken from the Budget, and the Debtor must file an amended Budget within seven (7) days after entry of this Order, which becomes the Budget, removing the "Residential Rent" line item.

4. For the purposes of this Order, "Cash Collateral" has the meaning ascribed to it in section 363(a) of the Bankruptcy Code, in which Pathward asserts a perfected and enforceable lien or security interest under the Loan Documents, including the proceeds, products, rents, and profits of the Prepetition Collateral, whether existing as of the Petition Date or arising thereafter, to the extent provided by applicable law.

5. The amount of Cash Collateral necessary for the Debtor to use to avoid immediate and irreparable harm before the date of the final hearing or the date this Order becomes a final order, in the absence of a timely objection and final hearing, is $295,526.00, and the Debtor's authorized use of Cash Collateral is limited to that amount prior to the entry of a final order authorizing the Debtor to use Cash Collateral or the time this Order becomes a final order, as the case may be, unless ordered otherwise. Pending entry of a final order, the Debtor may use Cash Collateral in accordance with the line item amounts set forth above in accordance with the Budget, with a fifteen percent (15%) variance per line item on a monthly basis.

6. Within twenty-one (21) days before the expiration of the Budget, the Debtor must file a replacement Budget with the Court. Parties-in-interest will have fourteen (14) days thereafter to file any objection to the proposed replacement Budget. If no party-in-interest objects to the proposed replacement Budget, it will become the Budget. If a party-in-interest objects to the proposed replacement Budget, the Court will set a hearing on such objection as soon as possible and the Debtor's use of Cash Collateral will continue through the date of such hearing absent further order of this Court. Notwithstanding anything contrary to the forgoing, the replacement budget will not increase by more than twenty percent (20%) absent prior court order.

7. As adequate protection under section 361 and 363 of the Bankruptcy Code for any security interest that the alleged Secured Creditors may assert in the Cash Collateral of the Debtor, to the extent that the Debtor uses such Cash Collateral and does not replace it, such Secured Creditors are granted replacement liens in the same type and description of collateral that were secured by the applicable pre-petition loan documents, which are created, acquired, or arise after the Petition Date. None of the replacement liens granted under this Order in any way encumber (a) any claims pursuant to Sections 502(d), 544, 545, 547, 548, 549, 550, 551 or 553 of the Bankruptcy Code ("Avoidance Claims"), or (b) any proceeds or property recovered in connection with the successful prosecution or settlement of any of the Avoidance Claims ("Avoidance Proceeds").

8. For clarity, notwithstanding any provision of this Order or in any other document, no lien will attach to Avoidance Claims or Avoidance Proceeds. Further, no administrative claim (including, without limitation, claims arising under section 503(b) of the Bankruptcy Code with superpriority pursuant to section 507(b) of the Bankruptcy Code) or other priority claim under this Order will be payable from or have recourse to any Avoidance Claims, Avoidance Proceeds, or claims under 11 U.S.C. § 506(c).

9. Subject to motion and court approval, as additional adequate protection for, and solely to the extent of, any diminution in the value of

Pathward's interest in the Prepetition Collateral (including the Cash Collateral) from and after the Petition Date resulting from the Debtor's use of the Prepetition Collateral (including the Cash Collateral) under section 363 of the Bankruptcy Code, Pathward is granted, to the extent provided by and in accordance with section 507(b) of the Bankruptcy Code, an allowed super priority administrative expense claim in an amount equal to the aggregate diminution in the value.

10. The Debtor must pay $16,554.00 per month to Pathward as additional adequate protection consistent with the Budget.

11. The Debtor must permit Pathward and any authorized representative designated by Pathward in writing to Debtor and its counsel, including auditors and appraisers engaged by Pathward, reasonable access to visit and inspect the Debtor's property during normal business hours and on not less than seven (7) days written notice (with a copy to Debtor's counsel, which will not be deemed notice), to review the Debtor's financial and accounting records, and to make copies and take extracts therefrom.

12. The Debtor must provide to Pathward and the United States Trustee: (a) on a bi-weekly basis, a variance report, which is one-week in arrears (*i.e.*, the results are one-week behind) comparing actual receipts and disbursements against the Budget on a line-item basis, beginning on September 11, 2026 for the period ending one week earlier, which may be filed on the docket in the Case; (b) copies

of all monthly operating reports filed with the United States Trustee, contemporaneously with such filing through the Court's electronic filing system; and (c) written notice of any actual or projected variance from the Budget exceeding the permitted fifteen percent (15%) line-item variance on a monthly basis.

13. The rights and obligations of the Debtor and the rights, claims, liens, security interests and priorities of Pathward arising under this Order are in addition to, and are not intended as a waiver or substitution for, the rights, obligations, claims, liens, security interests and priorities granted by the Debtor under the Loan Documents.

14. The provisions of this Order will be binding upon and inure to the benefit of Pathward, the Debtor and its respective successors and assigns, including any trustees of the Debtor in Chapter 11, except a Chapter 7 trustee will not be bound.

15. If this case is dismissed, Pathward's rights and remedies under this Order and under the Loan Documents will remain in full force and effect.

16. The Debtor, at its expense, must (a) continue to keep all Prepetition Collateral insured consistent with Debtor's past practices against all loss, peril and hazard, name Pathward as lender's loss payable and additional insured under such policies, and provide Pathward with certificates of insurance evidencing such

coverage and naming Pathward accordingly within thirty (30) days of entry of this Order; and (b) pay any and all post-petition taxes, assessments and governmental charges, except to the extent such are being contested in good faith by appropriate proceedings. Notwithstanding anything to the contrary in this Order, the proceeds of any insurance policy of the Debtor will be paid only to the Debtor's bankruptcy estate.

17. The Debtor's authority to use Cash Collateral will continue until otherwise ordered by this Court.

18. No delay or failure to exercise any right, power or remedy accruing to the Pathward upon breach or default by the Debtor under this Order or any document or agreement will impair any such right, power or remedy of the Pathward nor will it be construed to be a waiver of any such breach or default, nor of any breach or default theretofore or thereafter occurring, nor an acquiescence therein.

19. The Debtor is authorized to segregate in a Debtor-In-Possession account up to $7,500.00 per month earmarked for the payment of Debtor's professional fees consistent with the Budget. The amounts for any professional set forth in the Budget will not constitute a limitation, maximum, or cap on the amount of fees and expenses that professionals may incur or be paid by the estate in this Case. The segregated funds for professional fees will remain property of the estate

until such time that fees are allowed under 11 U.S.C. § 330, and such funds will be free and clear of the liens, claims and interest of any alleged Secured Creditor.

20. Consent to this Order may be given by counterparts and/or facsimile signatures.

21. The Debtor must, within twenty-four (24) hours following the entry of this Order, serve copies of this Order and the Debtor's motion for entry of this Order with all attachments on (i) the 20 largest unsecured creditors, (ii) all secured creditors, (iii) the United States Trustee's Office, and (iv) all other parties who are required to be served under Fed. R. Bankr. P. 4001(d).

22. All parties seeking to object to this Order must file a written objection on or before September 9, 2026, except that an official committee may file objections withing 14 days after it is served with this Order. If an objection is timely filed, the final hearing on this Order will be held before Judge Lisa S. Gretchko, United States Bankruptcy Judge, in courtroom 1975, located at 211 West Fort Street, Detroit, Michigan, on **September 11, 2026 at 1:00 p.m.** (This will be an in-person hearing). If no timely objection is filed, then this Order will become a final order without a further hearing, and the Debtor will be authorized to spend Cash Collateral for those expenses referenced in the Motion, as well as any other expenses necessary for operating the business in the ordinary course going forward.

**Signed on August 26, 2026**

**/s/ Thomas J. Tucker**

**Thomas J. Tucker**
**United States Bankruptcy Judge**

**Acting in the absence of**
**Judge Gretchko**