**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Case No. 26-49251 |
| WARRIOR SPORTS HOLDINGS, LLC, | In Proceedings Under Chapter 11 |
| Debtor. ___________________________/ | Hon. Lisa S. Gretchko |

**STIPULATION REGARDING FINAL ORDER GRANTING DEBTOR'S FIRST DAY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

The Debtor, the United States Trustee ("**UST**"), and Pathward National Association ("**Pathward**") stipulate and agree as follows:

1. On August 19, 2026, the Debtor commenced the above-captioned bankruptcy case. *See* ECF No. 1.

2. On August 26, 2026, the Court entered its *Interim Order Granting Debtor's First Day Motion for Entry of an Order Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection* [ECF No. 30](the "**Interim Order**").

3. The deadline to object to the Interim Order was September 9, 2026 (the "**Objection Deadline**"). *See* ECF No. 9, ¶ 22.

{01187856.1}

4. Prior to the Objection Deadline, the UST and Pathward raised informal objections to the Interim Order to the Debtor.

5. No party-in-interest other than Pathward and the UST raised informal objections or filed any objections to the Interim Order. *See* generally docket.

6. The Debtor, the UST and Pathward have now resolved the informal objections and stipulate to entry of a final order authoring the use of cash collateral and granting adequate protection in the form attached as **Exhibit A** (the "**Proposed Final Order**") and its cover sheet is attached as **Exhibit B**.

7. A redline reflect the changes between the Interim Order and the Proposed Final Order is attached as **Exhibit C**.

**Wherefore**, the Debtor, the UST and Pathward respectfully request this Court enter the *Final Order Granting Debtor's First Day Motion for Entry of an Order Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection*, substantially in the form attached as **Exhibit A**.

SCHAFER AND WEINER, PLLC

/s/ John J. Stockdale, Jr.
JOHN J. STOCKDALE, JR. (P71561)
Proposed Attorney for Debtor
40950 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
(248) 540-3340
jstockdale@schaferandweiner.com

(Signatures Continued on Next Page]

TAFT LAW LLP

/ s / Kimberly R. Clayson .
KIMBERLY R. CLAYSON (P69804)
Counsel for Pathward National Assoc.
27777 Franklin Road, Ste. 2500
Southfield, MI 48034
248-727-1635
kclayson@taftlaw.com

OFFICE OF THE UNITED STATES TRUSTEE

/s / Kelley Callard .
KELLY CALLARD (P68537)
Counsel for U.S. Trustee
211 W. Fort St., Ste. 700
Detroit, MI 48226
(313) 226-6773
kelley.callard@usdoj.gov

Dated: September 10, 2026

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>WARRIOR SPORTS HOLDINGS, LLC,<br><br>Debtor.<br>______________________________/ | Case No. 26-49251<br><br>In Proceedings Under<br>Chapter 11<br><br>Hon. Lisa S. Gretchko |

# FINAL ORDER GRANTING DEBTOR'S FIRST DAY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

Upon consideration of Warrior Sports Holdings, LLC's ("**Debtor**") *First Day Motion for Entry of Order Authoring the Debtor to Use Cash Collateral and Granting Adequate Protection* (the "**Motion**"); the Scott Declaration; the *Interim Order Granting Debtor's First Day Motion for Entry of Order Authoring the Debtor to Use Cash Collateral and Granting Adequate Protection* [ECF No. 30] (the "**Interim Order**"); and the stipulation of the Debtor, United States Trustee, and Pathward, National Association ("**Lender**" or "**Pathward**"); and the Court having jurisdiction pursuant to sections 157 and 1334 of title 28 of the United States Code to consider the Motion and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and this matter being a core proceeding within the meaning of section 157 of title 28 of the United States Code; and the Court having determined that the relief sought in

the Motion is in the best interest of the Debtor, its creditors, and all parties-in-interest; and the Court having heard the sufficient evidence and statements of counsel regarding the Motion and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, therefore;

**THE COURT HEREBY FINDS:**

A. On August 19, 2026 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

B. Since the Petition Date, the Debtor has continued in possession of its assets and has continued to operate its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code and no Official Committee of Unsecured Creditors has been formed.

C. The Debtor requires the use of the Cash Collateral for the maintenance and preservation of its assets, and for the operation of its business and the payment of business expenses in the ordinary course.

D. Pathward asserted informal objections to the Motion and to the Interim Order becoming the final order that are resolved by the entry of this Order which reflects a resolution of Pathward's informal objections.

E. The Debtor stipulates as follows:

i. The Debtor and the Lender are parties to (a) a certain Loan Agreement dated as of September 8, 2023 and (b) a Business Loan Agreement, dated September 8, 2023 (collectively the "**Loan Agreements**").

ii. As further set forth in the Security Agreement (defined below), the Debtor granted the Lender security interests and liens ("**Prepetition Liens**") on all or substantially all personal property of the Debtor (collectively, the "**Prepetition Collateral**").

iii. The Debtor executed a U.S. Small Business Administration Security Agreement September 8, 2023 ("**Security Agreement**") in favor of the Lender. Lender perfected its security interest in the Debtor's personal property and other collateral by filing a UCC-1 Financing Statement ("**Financing Statement**") with the Michigan Department of State on July 19, 2023, as Filing Number 20230719000275-8.

iv. The Loan Agreements, Security Agreement, and Financing Statement are collectively referred to herein as the "**Loan Documents**".

F. The relief provided herein is necessary, essential, and appropriate for the continued operation of the Debtor's business and the management and preservation of its assets, and is otherwise necessary to avoid immediate and irreparable harm to the Debtor and its estate pending a final hearing on the Motion.

G. The terms of this Order have been negotiated at arms-length with all parties represented by experienced counsel, are fair and reasonable under the circumstances, and are in good faith.

H. This Order is entered in a "core" proceeding within the meaning of 28 U.S.C. § 157 and this Court has jurisdiction over this Order.

I. The Debtor provided notice of the initial hearing on the Motion by serving notice in accordance with Local Rule 9013-1 (E.D. Mich.). The notice provided is appropriate, adequate and proper under the circumstances of this case in accordance with Fed. R. Bankr. P. 4001(b) and Local Rule 4001-2 (E.D. Mich.).

In light of the foregoing, **IT IS HEREBY ORDERED** that:

1. The Motion is **GRANTED** as set forth in this Order.

2. All capitalized terms not defined in this Order shall have the meaning ascribed to them in the Motion.

3. The Debtor is authorized to use Cash Collateral and grant adequate protection in accordance with the replacement budget [ECF No. 50] (the "**Budget**") and terms of the Motion.

4. For the purposes of this Order "Cash Collateral" has the meaning ascribed to it in section 363(a) of the Bankruptcy Code in which Pathward asserts a perfected, and enforceable lien or security interest under the Loan Documents, including the proceeds, products, rents, and profits of the Prepetition Collateral,

whether existing as of the Petition Date or arising thereafter, to the extent provided by applicable law.

5. The Debtor may use Cash Collateral in accordance with the line item amounts set forth above in accordance with the Budget, with a fifteen percent (15%) variance per line item on a monthly basis.

6. Within twenty-one (21) days before the expiration of the Budget, Debtor shall file a replacement Budget with the Court. Parties-in-interest shall have fourteen (14) days thereafter to file any objection to the proposed replacement Budget. If no party-in-interest objects to the proposed replacement Budget, it shall become the Budget. If a party-in-interest objects to the proposed replacement Budget, the Court shall set a hearing on such objection as soon as possible and the Debtor's use of Cash Collateral shall continue through the date of such hearing absent further order of this Court. Notwithstanding anything to the forgoing, the replacement budget shall not increase by more than twenty percent (20%) absent prior court order.

7. As adequate protection under section 361 and 363 of the Bankruptcy Code for any security interest that the alleged Secured Creditors may assert in the Cash Collateral of the Debtor, to the extent that the Debtor uses such Cash Collateral and does not replace it, such Secured Creditors are hereby granted replacement liens in the same type and description of collateral that were secured by the applicable

pre-petition loan documents, which are created, acquired, or arise after the Petition Date. Such replacement liens shall be, and hereby are, deemed automatically valid, binding, enforceable, and perfected upon entry of this Order, without the necessity of the execution, recordation, or filing of any financing statements, security agreements, mortgages, notices of lien or other similar instruments or documents, or the taking of any other action, that might otherwise be required under applicable non-bankruptcy law to attach or perfect such liens. None of the replacement liens granted under this Order in any way encumber (a) any claims pursuant to Sections 502(d), 544, 545, 547, 548, 549, 550, 551 or 553 of the Bankruptcy Code ("**Avoidance Claims**"), or (b) any proceeds or property recovered in connection with the successful prosecution or settlement of any of the Avoidance Claims ("**Avoidance Proceeds**").

8. For clarity, notwithstanding any provision of this Order or in any other document, no lien shall attach to Avoidance Claims or Avoidance Proceeds. Further, no administrative claim (including, without limitation, claims arising under section 503(b) of the Bankruptcy Code with superpriority pursuant to section 507(b) of the Bankruptcy Code) or other priority claim under this Order shall be payable from or have recourse to any Avoidance Claims, Avoidance Proceeds, or claims under 11 U.S.C. § 506(c).

9. Subject to entry of this Order becoming a final, non-appealable order, Pathward shall be entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code.

10. Subject to motion and court approval, as additional adequate protection for, and solely to the extent of, any diminution in the value of Pathward's interest in the Prepetition Collateral (including the Cash Collateral) from and after the Petition Date resulting from the Debtor's use of the Prepetition Collateral (including the Cash Collateral) pursuant to section 363 of the Bankruptcy Code, Pathward is authorized to seek, to the extent provided by and in accordance with section 507(b) of the Bankruptcy Code, an allowed super priority administrative expense claim in an amount equal to the aggregate diminution in the value.

11. The Debtor shall pay $16,554 per month on or before the 24th of each month to Pathward as additional adequate protection consistent with the Budget.

12. The Debtor shall permit Pathward and any authorized representative designated by Pathward in writing to Debtor and its counsel, including auditors and appraisers engaged by Pathward, reasonable access to visit and inspect the Debtor's property during normal business hours and on not less than seven (7) days written notice (with a copy to Debtor's counsel, which shall not be deemed notice), to review the Debtor's financial and accounting records, and to make copies and take extracts therefrom.

13. The Debtor shall provide to Pathward and the United States Trustee: (a) on a bi-weekly basis, a variance report, which is one-week in arrears (*i.e.*, the results are one-week behind) comparing actual receipts and disbursements against the Budget on a line-item basis, beginning on September 11, 2026 for the period ending one week earlier, which may be filed on the docket in the Case; (b) copies of all monthly operating reports filed with the United States Trustee, contemporaneously with such filing through the Court's electronic filing system; and (c) written notice of any actual or projected variance from the Budget exceeding the permitted fifteen percent (15%) line-item variance on a monthly basis.

14. The rights and obligations of the Debtor and the rights, claims, liens, security interests and priorities of Pathward arising under this Order are in addition to, and are not intended as a waiver or substitution for, the rights, obligations, claims, liens, security interests and priorities granted by the Debtor under the Loan Documents.

15. The provisions of this Order shall be binding upon and inure to the benefit of Pathward, the Debtor and its respective successors and assigns, including any trustees of the Debtor in Chapter 11, except a Chapter 7 trustee shall not be bound.

16. Subject to paragraph 17 hereof, Debtor's authority to use Cash Collateral under this Order ends on the earliest date (the "**Termination Date**") when one or more of the following conditions has occurred or has been met:

a. The Debtor shall not have filed a plan of reorganization or liquidation ("**Plan**") on or before December 17, 2026;

b. The Court enters an order converting the Case to a case under chapter 7 of the Bankruptcy Code;

c. The Court enters an order dismissing the Case;

d. The Court enters any order that stays, modifies, or reverses this Order.

e. The Court enters an order granting relief from the automatic stay so as to allow a third party to proceed against any of Pathward's collateral;

f. The Debtor fails to make any Adequate Protection Payment within seven (7) days of its due date, and the Debtor fails to cure its Adequate Protection Payment ("**Payment Default**");

g. The Debtor fails to maintain or produce evidence of insurance in accordance with the terms of this Order and the United States Trustee's Chapter 11 Debtor Operating Instructions ("**Insurance Default**");

h. In the event of a Payment Default or an Insurance Default, the Debtor fails to cure such default within seven (7) days of the date of a notice of default transmitted by email to the Debtor's counsel of record in this Bankruptcy Case, the Lender may file an affidavit of default and seek entry of an order terminating the Debtor's authority to use Cash Collateral.

17. The Debtor's use of Cash Collateral shall terminate under this Order twenty-one (21) days after the Termination Date. Notwithstanding the foregoing,

nothing herein prohibits or impairs the Debtor from seeking continued, further, or other use of Cash Collateral from the Court before or after the Termination Date.

18. If this case is dismissed without a Plan having been confirmed, then (i) Pathward's rights and remedies under this Order and under the Loan Documents shall remain in full force and effect and (ii) any administrative stay in effect in the State of Michigan, Oakland County Circuit Court case, Case No. 26-222047-CB, entitled *Pathward, National Association v. Warrior Sports Holding LLC et al* may be immediately terminated.

19. The Debtor, at its expense, shall (a) continue to keep all Prepetition Collateral insured consistent with Debtor's past practices against all loss, peril and hazard, name Pathward as lender's loss payable and additional insured under such policies, and provide Pathward with certificates of insurance evidencing such coverage and naming Pathward accordingly within thirty (30) days of entry of this Order; and (b) pay any and all post-petition taxes, assessments and governmental charges, except to the extent such are being contested in good faith by appropriate proceedings. Notwithstanding anything to the contrary in this Order, the proceeds of any insurance policy of the Debtor shall be paid only to the Debtor's bankruptcy estate.

20. Except as otherwise provided in this Order, the Debtor's authority to use Cash Collateral shall continue until otherwise ordered by this Court.

21. No delay or failure to exercise any right, power or remedy accruing to the Pathward upon breach or default by the Debtor under this Order or any document or agreement shall impair any such right, power or remedy of the Pathward nor shall it be construed to be a waiver of any such breach or default, nor of any breach or default theretofore or thereafter occurring, nor an acquiescence therein.

22. Based on the findings set forth in this Order and in accordance with Rules 6003 and 6004(h) of the Federal Rules of Bankruptcy Procedure, this Order shall be immediately effective and enforceable upon its entry. If any or all of the provisions of this Order are hereafter stayed, modified, reversed, or vacated on appeal, such stay, modification, reversal, or vacatur shall not affect the validity, priority, or enforceability of any lien, claim, or other protection granted to Pathward pursuant to this Order and arising prior to the effective date of such stay, modification, reversal, or vacatur, and Pathward shall be entitled to the full protections afforded by section 364(e) of the Bankruptcy Code with respect to all use of Cash Collateral and adequate protection granted hereunder, notwithstanding any such subsequent stay, modification, reversal, or vacatur.

23. The Debtor is authorized to segregate in a Debtor-In-Possession account up to $7,500 per month earmarked for the payment of Debtor's professional fees consistent with the Budget. The amounts for any professional set forth in the Budget shall not constitute a limitation, maximum, or cap on the amount of fees and

expenses of that professionals may incur or be paid by the estate in this Case. The segregated funds for professional fees will remain property of the estate until such time that fees are allowed under 11 U.S.C. § 330, and such funds shall be free and clear of the liens, claims and interest of any alleged Secured Creditor.

24. Nothing in this Order constitutes an agreement to, or waiver of, surcharge under section 506(c) of the Bankruptcy Code or otherwise. All parties reserve their rights with respect to section 506(c) of the Bankruptcy Code.

25. Consent to this Order may be given by counterparts and/or facsimile signatures.

# Exhibit B

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Case No. 26-49251 |
| WARRIOR SPORTS HOLDINGS, LLC,<br><br>Debtor.<br>_____________________________/ | In Proceedings Under Chapter 11<br><br>Hon. Lisa S. Gretchko |

## COVER SHEET FOR MOTION TO USE CASH COLLATERAL OR TO OBTAIN CREDIT

The Debtor, Warrior Sports Holdings, LLC, has filed a motion to use cash collateral or to obtain postpetition financing through its *First Day Motion for Entry of an Order Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection* [ECF No. 30] (the "**Motion**"), which is attached to this Cover Sheet. In accordance with LBR 4001-2(b) (E.D.M.), the Debtor has identified below, by page and paragraph number, the location in the proposed order accompanying the motion of each of the following provisions:

| **Provision** | **Contained in Proposed** | **Location in Proposed Order** |
|---|---|---|
| (1) Provisions that grant liens on the estate's claims and causes of action arising under Chapter 5 of the Code. | _____ Yes<br>___X__ No | Page ____, ¶ ____ |

{01187826.1}

| | | |
|---|---|---|
| (2) Provisions that grant cross-collateralization protection to the prepetition secured creditor (i.e., clauses that secure prepetition debt with categories of collateral that were not covered by the secured party's lien prepetition) other than liens granted solely as adequate protection against diminution in value of a prepetition creditor's collateral. | _____ Yes<br>___X__ No | Page ____, ¶ ____ |
| (3) Provisions that establish a procedure or conditions for relief from the automatic stay. | _____ Yes<br>___X__ No | Page ____, ¶ ____ |
| (4) Provisions regarding the validity or perfection of a secured creditor's prepetition liens or that release claims against a secured creditor. | __X___ Yes<br>_____ No | Page __2-3__, ¶ __E__ |
| (5) Provisions that prime any lien without that lienholder's consent. | _____ Yes<br>__X___ No | Page ____, ¶ ____ |
| (6) Provisions that relate to a sale of substantially all of the debtor's assets. | _____ Yes<br>__X___ No | Page ____, ¶ ____ |
| (7) Provisions for the payment of professional fees of the debtor or any committees, including any carve-outs for such payments. | ___X__ Yes<br>_____ No | Page __12__, ¶ __23__ |

{01187826.1}

| | | |
|---|---|---|
| (8) Provisions for the payment of prepetition debt. | _____ Yes<br>__X___ No | Page ____, ¶<br>____ |
| (9) Provisions that waive the debtor's exclusive right to file or solicit acceptances of a plan during the time periods specified in 11 U.S.C. § 1121. | _____ Yes<br>__X___ No | Page ____, ¶<br>____ |
| (10) Provisions that require the debtor's plan to be on terms acceptable to the secured creditor. | _____ Yes<br>__X___ No | Page ____, ¶<br>____ |
| (11) Provisions that require or prohibit specific terms in the debtor's plan. | _____ Yes<br>__X___ No | Page ____, ¶<br>____ |
| (12) Provisions establishing that proposing a plan inconsistent with the order constitutes a default. | _____ Yes<br>__X___ No | Page ____, ¶ |
| (13) Provisions that waive surcharge under 11 U.S.C. § 506(c). | _____ Yes<br>__X___ No | Page ____, ¶<br>____ |
| (14) Provisions that address the rights and obligations of guarantors or co-obligors. | _____ Yes<br>__X___ No | Page ____, ¶<br>____ |
| (15) Provisions that prohibit the debtor from seeking approval to use cash collateral without the secured creditor's consent. | _____ Yes<br>__X___ No | Page ____, ¶<br>____ |
| (16) Provisions that purport to bind a subsequent trustee. | __X__ Yes<br>_____ No | Page __9__, ¶<br>__15__ |

{01187826.1}

| | | |
|---|---|---|
| (17) Provisions that obligate the debtor to pay any of a secured creditor's professional fees. | _____ Yes<br>__X___ No | Page ____, ¶ ____ |

SCHAFER AND WEINER, PLLC

/s/ John J. Stockdale, Jr.
JOHN J. STOCKDALE, JR. (P71561)
Attorneys for Debtor
40950 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 540-3340
jstockdale@schaferandweiner.com

Dated: September 10, 2026

{01187826.1}

# Exhibit C

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re: Case No. 26-49251

WARRIOR SPORTS HOLDINGS, LLC, In Proceedings Under Chapter 11

Debtor.
_______________________________/ Hon. Lisa S. Gretchko

**~~INTERIM~~FINAL ORDER GRANTING DEBTOR'S FIRST DAY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

Upon consideration of Warrior Sports Holdings, LLC's ("**Debtor**") *First Day Motion for Entry of Order Authoring the Debtor to Use Cash Collateral and Granting Adequate Protection* (the "**Motion**~~") and the Scott Declaration;~~"); the Scott Declaration; the *Interim Order Granting Debtor's First Day Motion for Entry of Order Authoring the Debtor to Use Cash Collateral and Granting Adequate Protection* [ECF No. 30] (the "**Interim Order**"); and the stipulation of the Debtor, United States Trustee, and Pathward, National Association ("**Lender**" or "**Pathward**"); and the Court having jurisdiction pursuant to sections 157 and 1334 of title 28 of the United States Code to consider the Motion and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and this matter being a core proceeding within the meaning of section 157 of title 28 of the United States Code; and the Court having

determined that the relief sought in the Motion is in the best interest of the Debtor, its creditors, and all parties-in-interest; and the Court having heard the sufficient evidence and statements of counsel regarding the Motion and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, therefore;

**THE COURT HEREBY FINDS:**

A. On August 19, 2026 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

B. Since the Petition Date, the Debtor has continued in possession of its assets and has continued to operate its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code and no Official Committee of Unsecured Creditors has been formed.

C. The Debtor requires the use of the Cash Collateral for the maintenance and preservation of its assets, and for the operation of its business and the payment of business expenses in the ordinary course.

D. Pathward asserted informal objections to the Motion and to the Interim Order becoming the final order that are resolved by the entry of this Order which reflects a resolution of Pathward's informal objections.

~~D.~~E. The Debtor stipulates as follows:

i. The Debtor and the Lender are parties to (a) a certain Loan Agreement dated as of September 8, 2023 and (b) a Business Loan Agreement, dated September 8, 2023 (collectively the "**Loan Agreements**").

ii. As further set forth in the Security Agreement (defined below), the Debtor granted the Lender security interests and liens ("**Prepetition Liens**") on all or substantially all personal property of the Debtor (collectively, the "**Prepetition Collateral**").

iii. The Debtor executed a U.S. Small Business Administration Security Agreement September 8, 2023 ("**Security Agreement**") in favor of the Lender. Lender perfected its security interest in the Debtor's personal property and other collateral by filing a UCC-1 Financing Statement ("**Financing Statement**") with the Michigan Department of State on July 19, 2023, as Filing Number 20230719000275-8.

iv. The Loan Agreements, Security Agreement, and Financing Statement are collectively referred to herein as the "**Loan Documents**".

E.F. The relief provided herein is necessary, essential, and appropriate for the continued operation of the Debtor's business and the management and preservation of its assets, and is otherwise necessary to avoid immediate and irreparable harm to the Debtor and its estate pending a final hearing on the Motion.

F.G. The terms of this Order have been negotiated at arms-length with all parties represented by experienced counsel, are fair and reasonable under the circumstances, and are in good faith.

G.H. This Order is entered in a "core" proceeding within the meaning of 28 U.S.C. § 157 and this Court has jurisdiction over this Order.

H.I. The Debtor provided notice of the initial hearing on the Motion by serving notice in accordance with Local Rule 9013-1 (E.D. Mich.). The notice provided is appropriate, adequate and proper under the circumstances of this case in accordance with Fed. R. Bankr. P. 4001(b) and Local Rule 4001-2 (E.D. Mich.).

In light of the foregoing, **IT IS HEREBY ORDERED** that:

1. The Motion is **GRANTED** as set forth in this Order.

2. All capitalized terms not defined in this Order shall have the meaning ascribed to them in the Motion.

3. The Debtor is authorized to use Cash Collateral and grant adequate protection in accordance with the ~~Budget and terms of the Motion; provided, however, the line item labeled "Residential Rent" is stricken from the Budget, and Debtor shall file an amended Budget within seven (7) days after entry of this Order, which becomes the Budget, removing the "Residential Rent" line item~~replacement budget [ECF No. 50] (the "**Budget**") and terms of the Motion.

4. For the purposes of this Order "Cash Collateral" has the meaning ascribed to it in section 363(a) of the Bankruptcy Code in which Pathward asserts a perfected, and enforceable lien or security interest under the Loan Documents, including the proceeds, products, rents, and profits of the Prepetition Collateral, whether existing as of the Petition Date or arising thereafter, to the extent provided by applicable law.

5. ~~The amount of Cash Collateral necessary for the Debtor to use to avoid immediate and irreparable harm before the date of the final hearing or the date this Order becomes a final order, in the absence of a timely objection and final hearing, is $295,526 and the Debtor's authorized use of Cash Collateral is limited to that amount prior to the entry of a final order authorizing the Debtor to use Cash Collateral or the time this Order becomes a final order, as the case may be, unless ordered otherwise. Pending entry of a final order, the~~The Debtor may use Cash Collateral in accordance with the line item amounts set forth above in accordance with the Budget, with a fifteen percent (15%) variance per line item on a monthly basis.

6. Within twenty-one (21) days before the expiration of the Budget, Debtor shall file a replacement Budget with the Court. Parties-in-interest shall have fourteen (14) days thereafter to file any objection to the proposed replacement

Budget. If no party-in-interest objects to the proposed replacement Budget, it shall become the Budget. If a party-in-interest objects to the proposed replacement Budget, the Court shall set a hearing on such objection as soon as possible and the Debtor's use of Cash Collateral shall continue through the date of such hearing absent further order of this Court. Notwithstanding anything to the forgoing, the replacement budget shall not increase by more than twenty percent (20%) absent prior court order.

7. As adequate protection under section 361 and 363 of the Bankruptcy Code for any security interest that the alleged Secured Creditors may assert in the Cash Collateral of the Debtor, to the extent that the Debtor uses such Cash Collateral and does not replace it, such Secured Creditors are hereby granted replacement liens in the same type and description of collateral that were secured by the applicable pre-petition loan documents, which are created, acquired, or arise after the Petition Date. Such replacement liens shall be, and hereby are, deemed automatically valid, binding, enforceable, and perfected upon entry of this Order, without the necessity of the execution, recordation, or filing of any financing statements, security agreements, mortgages, notices of lien or other similar instruments or documents, or the taking of any other action, that might otherwise be required under applicable non-bankruptcy law to attach or perfect such liens. None of the replacement liens

granted under this Order in any way encumber (a) any claims pursuant to Sections 502(d), 544, 545, 547, 548, 549, 550, 551 or 553 of the Bankruptcy Code ("**Avoidance Claims**"), or (b) any proceeds or property recovered in connection with the successful prosecution or settlement of any of the Avoidance Claims ("**Avoidance Proceeds**").

8. For clarity, notwithstanding any provision of this Order or in any other document, no lien shall attach to Avoidance Claims or Avoidance Proceeds. Further, no administrative claim (including, without limitation, claims arising under section 503(b) of the Bankruptcy Code with superpriority pursuant to section 507(b) of the Bankruptcy Code) or other priority claim under this Order shall be payable from or have recourse to any Avoidance Claims, Avoidance Proceeds, or claims under 11 U.S.C. § 506(c).

9. Subject to entry of this Order becoming a final, non-appealable order, Pathward shall be entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code.

~~9.~~10. Subject to motion and court approval, as additional adequate protection for, and solely to the extent of, any diminution in the value of Pathward's interest in the Prepetition Collateral (including the Cash Collateral) from and after the Petition Date resulting from the Debtor's use of the Prepetition Collateral (including the Cash

Collateral) pursuant to section 363 of the Bankruptcy Code, Pathward is ~~hereby granted~~authorized to seek, to the extent provided by and in accordance with section 507(b) of the Bankruptcy Code, an allowed super priority administrative expense claim in an amount equal to the aggregate diminution in the value.

~~10.~~11. The Debtor shall pay $16,554 per month on or before the 24th of each month to Pathward as additional adequate protection consistent with the Budget.

~~11.~~12. The Debtor shall permit Pathward and any authorized representative designated by Pathward in writing to Debtor and its counsel, including auditors and appraisers engaged by Pathward, reasonable access to visit and inspect the Debtor's property during normal business hours and on not less than seven (7) days written notice (with a copy to Debtor's counsel, which shall not be deemed notice), to review the Debtor's financial and accounting records, and to make copies and take extracts therefrom.

~~12.~~13. The Debtor shall provide to Pathward and the United States Trustee: (a) on a bi-weekly basis, a variance report, which is one-week in arrears (*i.e.*, the results are one-week behind) comparing actual receipts and disbursements against the Budget on a line-item basis, beginning on September 11, 2026 for the period ending one week earlier, which may be filed on the docket in the Case; (b) copies of all monthly operating reports filed with the United States Trustee, contemporaneously

with such filing through the Court's electronic filing system; and (c) written notice of any actual or projected variance from the Budget exceeding the permitted fifteen percent (15%) line-item variance on a monthly basis.

~~13.~~14. The rights and obligations of the Debtor and the rights, claims, liens, security interests and priorities of Pathward arising under this Order are in addition to, and are not intended as a waiver or substitution for, the rights, obligations, claims, liens, security interests and priorities granted by the Debtor under the Loan Documents.

~~14.~~15. The provisions of this Order shall be binding upon and inure to the benefit of Pathward, the Debtor and its respective successors and assigns, including any trustees of the Debtor in Chapter 11, except a Chapter 7 trustee shall not be bound.

16. Subject to paragraph 17 hereof, Debtor's authority to use Cash Collateral under this Order ends on the earliest date (the "**Termination Date**") when one or more of the following conditions has occurred or has been met:

a. The Debtor shall not have filed a plan of reorganization or liquidation ("**Plan**") on or before December 17, 2026;

b. The Court enters an order converting the Case to a case under chapter 7 of the Bankruptcy Code;

c. The Court enters an order dismissing the Case;

d. The Court enters any order that stays, modifies, or reverses this Order.

e. The Court enters an order granting relief from the automatic stay so as to allow a third party to proceed against any of Pathward's collateral;

f. The Debtor fails to make any Adequate Protection Payment within seven (7) days of its due date, and the Debtor fails to cure its Adequate Protection Payment ("**Payment Default**");

g. The Debtor fails to maintain or produce evidence of insurance in accordance with the terms of this Order and the United States Trustee's Chapter 11 Debtor Operating Instructions ("**Insurance Default**");

h. In the event of a Payment Default or an Insurance Default, the Debtor fails to cure such default within seven (7) days of the date of a notice of default transmitted by email to the Debtor's counsel of record in this Bankruptcy Case, the Lender may file an affidavit of default and seek entry of an order terminating the Debtor's authority to use Cash Collateral.

17. The Debtor's use of Cash Collateral shall terminate under this Order twenty-one (21) days after the Termination Date. Notwithstanding the foregoing, nothing herein prohibits or impairs the Debtor from seeking continued, further, or other use of Cash Collateral from the Court before or after the Termination Date.

~~15.~~18. If this case is dismissed~~,~~ without a Plan having been confirmed, then (i) Pathward's rights and remedies under this Order and under the Loan Documents shall remain in full force and effect and (ii) any administrative stay in effect in the State of Michigan, Oakland County Circuit Court case, Case No. 26-222047-CB, entitled *Pathward, National Association v. Warrior Sports Holding LLC et al* may be immediately terminated.

~~16.~~19. The Debtor, at its expense, shall (a) continue to keep all Prepetition Collateral insured consistent with Debtor's past practices against all loss, peril and hazard, name Pathward as lender's loss payable and additional insured under such policies, and provide Pathward with certificates of insurance evidencing such coverage and naming Pathward accordingly within thirty (30) days of entry of this Order; and (b) pay any and all post-petition taxes, assessments and governmental charges, except to the extent such are being contested in good faith by appropriate proceedings. Notwithstanding anything to the contrary in this Order, the proceeds of any insurance policy of the Debtor shall be paid only to the Debtor's bankruptcy estate.

~~17.~~20. ~~The~~Except as otherwise provided in this Order, the Debtor's authority to use Cash Collateral shall continue until otherwise ordered by this Court.

~~18.~~21. No delay or failure to exercise any right, power or remedy accruing to the Pathward upon breach or default by the Debtor under this Order or any document or agreement shall impair any such right, power or remedy of the Pathward nor shall it be construed to be a waiver of any such breach or default, nor of any breach or default theretofore or thereafter occurring, nor an acquiescence therein.

22. Based on the findings set forth in this Order and in accordance with Rules 6003 and 6004(h) of the Federal Rules of Bankruptcy Procedure, this Order

shall be immediately effective and enforceable upon its entry. If any or all of the provisions of this Order are hereafter stayed, modified, reversed, or vacated on appeal, such stay, modification, reversal, or vacatur shall not affect the validity, priority, or enforceability of any lien, claim, or other protection granted to Pathward pursuant to this Order and arising prior to the effective date of such stay, modification, reversal, or vacatur, and Pathward shall be entitled to the full protections afforded by section 364(e) of the Bankruptcy Code with respect to all use of Cash Collateral and adequate protection granted hereunder, notwithstanding any such subsequent stay, modification, reversal, or vacatur.

~~19.~~23. The Debtor is authorized to segregate in a Debtor-In-Possession account up to $7,500 per month earmarked for the payment of Debtor's professional fees consistent with the Budget. The amounts for any professional set forth in the Budget shall not constitute a limitation, maximum, or cap on the amount of fees and expenses of that professionals may incur or be paid by the estate in this Case. The segregated funds for professional fees will remain property of the estate until such time that fees are allowed under 11 U.S.C. § 330, and such funds shall be free and clear of the liens, claims and interest of any alleged Secured Creditor.

24. Nothing in this Order constitutes an agreement to, or waiver of, surcharge under section 506(c) of the Bankruptcy Code or otherwise. All parties reserve their rights with respect to section 506(c) of the Bankruptcy Code.

~~20.~~25. Consent to this Order may be given by counterparts and/or facsimile signatures.

~~21. The Debtor shall, within twenty-four (24) hours following the entry of this Order, serve copies of this Order and the Debtor's motion for entry of this Order with all attachments on (i) the 20 largest unsecured creditors, (ii) all secured creditors, (iii) the United States Trustee's Office, and (iv) all other parties who are required to be served under Fed. R. Bankr. P. 4001(d).~~

~~22. All parties seeking to object to this Order must file a written objection on or before September 9, 2026 at 5:00 p.m. prevailing Eastern time, except that an official committee may file objections withing 14 days after it is served with this Order. If an objection is timely filed, the final hearing on this Order will be held before the Honorable Lisa S. Gretchko, United States Bankruptcy Judge, in courtroom 1975, located at 211 West Fort Street, Detroit, Michigan, on September 11, 2026 at 1:00 p.m. If no timely objection is filed, then this Order will become a final order without a further hearing, and the Debtor will be authorized to spend Cash Collateral for those expenses referenced in the~~

~~Motion, as well as any other expenses necessary for operating the business in the ordinary course going forward.~~