**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Case No. 26-49251 |
| WARRIOR SPORTS HOLDINGS, LLC, | In Proceedings Under Chapter 11 |
| Debtor. | |
| ________________________________/ | Hon. Lisa S. Gretchko |

**STIPULATION (I) TO SUBMIT REVISED INTERIM ORDER AS AMENDED EXHIBIT B TO AND REVISED PROMISSORY NOTE AS AMENDED EXHIBIT D TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION UNSECURED FINANCING, AND (II) FOR ENTRY OF THE INTERIM ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION UNSECURED FINANCING**

The above-captioned debtor (the "**Debtor**"), the Office of the United States Trustee (the "**UST**"), Pathward National Association ("**Pathward**"), and Michael T. Scott, Jr. (the "**DIP Lender**") and together with the Debtor, UST, and Pathward, the "**Parties**"), each through their undersigned counsel, hereby stipulate and agree as follows:

1. On September 2, 2026, the Debtor filed its *Motion for Entry of an Order Authorizing the Debtor to Obtain Post-Petition Unsecured Financing* [ECF No. 48] (the "**Insider Financing Motion**").

2. After the Insider Financing Motion was filed, the UST and Pathward raised informal objections to the order and promissory note attached to the Insider Financing Motion exhibits.

3. On September 4, 2026, the Court heard and granted the relief requested in the Interim Financing Motion on an expedited basis subject to revisions to the proposed interim order and proposed promissory note. *See* ECF Nos. 51 and 55.

4. Consistent therewith, the Parties agree (i) to remove and replace Exhibit A to the Insider Financing Motion with the revised interim order attached hereto as **Exhibit A** (the "**Interim Order**") and (ii) to remove and replace Exhibit D to the Insider Financing Motion with the revised promissory note attached hereto as **Exhibit B** (the "**Revised DIP Note**").

5. Further, the Parties agree to entry of the Interim Order granting the Insider Financing Motion.

**Wherefore**, the Parties respectfully request this Honorable Court enter the Interim Order granting the Insider Financing Motion.

[Signature Page Follows]

Respectfully Submitted,

SCHAFER AND WEINER, PLLC

/s/John J. Stockdale, Jr.
JOHN J. STOCKDALE, JR. (P71561)
Proposed Counsel for Debtor
40950 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
(248) 540-3340
jstockdale@schaferandweiner.com

THE TAUNT LAW FIRM

/s/Matthew P. Taunt
MATTHEW P. TAUNT (P69696)
Counsel for Michael T. Scott, Jr.
3001 W. Big Beaver Rd., Suite 100
Troy, MI 48084
248-644-7800
mtaunt@tauntlaw.com

TAFT LAW LLP

/s/Kimberly R. Clayson
KIMBERLY R. CLAYSON (P69804)
Counsel for Pathward,
National Association
27777 Franklin Road, Suite 2500
Southfield, MI 48034
248-727-1635
kclayson@taftlaw.com

OFFICE OF THE UNITED STATES TRUSTEE

/s/ Kelley Callard
KELLEY CALLARD (P68537)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
211 West Fort Street, Suite 700
Detroit, MI 48226
(202) 641-3559
Kelley.Callard@usdoj.gov

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Case No. 26-49251 |
| WARRIOR SPORTS HOLDINGS, LLC,<br><br>Debtor.<br>_______________________________/ | In Proceedings Under<br>Chapter 11<br><br>Hon. Lisa S. Gretchko |

**INTERIM ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION UNSECURED FINANCING**

This matter came before the Court upon the Debtor's *Motion for Entry of an Order Authorizing the Debtor to Obtain Post-Petition Unsecured Financing* (the "**Insider Financing Motion**"; ECF No. 48), seeking, among other things, entry of an interim order (the "**Interim Order**") authorizing the Debtor to obtain post-petition financing. On September 4, 2026 the Court held an expedited interim hearing on the Insider Financing Motion and the responses thereto (the "**Interim Hearing**"). The notice of the Insider Financing Motion and the Interim Hearing thereon constitutes due and sufficient notice thereof and complies with Fed. R. Bankr. P. 4001(c)(2)(A). Counsel for each of the Debtor, Michael Scott, Jr., Pathward National Association, and the United States Trustee (collectively, the "**Parties**") appeared at the Interim Hearing. The Parties filed a stipulation to replace exhibits to the Insider Financing Motion and to request entry of the Interim Order

(the “**Stipulation**”, ECF No. __). The Court has reviewed the Insider Financing Motion, the objections thereto, and other pertinent pleadings, has considered the statements made at the Interim Hearing, and is advised in the premises.

**THE COURT HEREBY FINDS** that:

A. Good and sufficient cause has been shown for the entry of this Interim Order and the relief granted herein is necessary to avoid immediate and irreparable harm to the Debtor and its estate. [1]

B. The Debtor has an immediate and critical need to obtain financing pursuant to the revised promisory Note filed with the Stipulation (the “**Revised DIP Note**”) in the total amount of $37,000 to maintain its business operations, in order to allow the Debtor to maintain its going concern value and maximize its value for all creditor constituencies.

C. The Debtor is unable to obtain financing on more favorable terms from sources other than the DIP Lender under the Revised DIP Note.

D. The terms of the Revised DIP Note are objectively fair and reasonable, and the obligations set forth therein constitute reasonably equivalent value and fair consideration.

[1] Capitalized terms used but not defined in this Interim Order shall have the meaning ascribed to them in the Insider Financing Motion as modified by the Stipulation.

E. The Revised DIP Note represents a reasonable loan arrangement between the Debtor and the DIP Lender.

F. The Debtor has requested entry of this Interim Order pursuant to Fed. R. Bankr. P. 4001(c)(2). Absent granting the relief set forth in this Interim Order, the Debtor's estate will be immediately and irreparably harmed. Delivery of the Revised DIP Note in accordance with this Interim Order is in the best interests of the Debtor's estate.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. The Insider Financing Motion is granted in accordance with the terms of this Interim Order.

2. The Debtor is authorized to borrow money from Michael Scott, Jr., the Debtor's responsible person, in an aggregate principal amount of up to $37,000.00 pursuant to entry of any Final Order on the Insider Financing Motion and pursuant to the terms of the Revised DIP Note, which borrowing shall be used only for maintenance of the Debtor's business operations.

3. The Debtor is authorized to execute and deliver the Revised DIP Note.

4. Upon the Debtor's execution and delivery of the Revised DIP Note, the Revised DIP Note and the obligations set forth therein shall constitute valid, binding and unavoidable obligations of the Debtor, enforceable against Debtor in accordance with the terms thereof and of this Interim Order.

5. In the event of any of the following, the DIP Lender may request the Court's determination that such occurrence is an "Event of Default" and seek appropriate remedies for same: (i) an order converting or dismissing this Bankruptcy Case; (ii) an order appointing a chapter 11 trustee in this Bankruptcy Case, without the consent of the DIP Lender; or (iii) an order appointing an examiner with enlarged powers in this Case.

6. Pursuant to section 364(e) of the Bankruptcy Code, if any or all of the provisions of this Interim Order are hereafter reversed or modified on appeal then, absent a stay pending appeal, such reversal or modification shall not affect the validity of any of the Debtor's obligations to the DIP Lender incurred prior to the pendency of the appeal.

7. The proceeds of the DIP Loan shall only be used in accordance with the terms of Revised DIP Note, the Budget [ECF No. 50], and this Interim Order.

8. All obligations under the Revised DIP Note shall be immediately due and payable upon an Event of Default.

9. This Court shall retain jurisdiction to enforce this Interim Order according to its terms. In the event of any inconsistency between the provisions of this Interim Order and the Revised DIP Note, the provisions of this Interim Order shall govern.

10. This Interim Order shall be immediately effective and enforceable upon its entry.

11. The Debtor shall, within twenty-four (24) hours following the entry of this Interim Order, serve copies of this Order on (i) the 20 largest unsecured creditors, (ii) all secured creditors, (iii) the United States Trustee's Office, and (iv) all other parties who are required to be served under Fed. R. Bankr. P. 4001(d).

12. **All parties seeking to object to this Interim Order must file a written objection on or before September 16, 2026 at 5:00 p.m. prevailing Eastern time, except that an official committee may file objections withing 14 days after it is served with this Order. If an objection is timely filed, the final hearing on this Order will be held before the Honorable Lisa S. Gretchko, United States Bankruptcy Judge, in courtroom 1975, located at 211 West Fort Street, Detroit, Michigan, on September 18, 2026 at 1:00 p.m.** If no timely objection is filed, then this Order will become a final order without a further hearing, and the Debtor will be authorized to borrow funds up to $50,000 for those expenses referenced in the Insider Financing Motion, as well as any other expenses necessary for operating the business in the ordinary course going forward.

# EXHIBIT B

**REVISED PROMISORY NOTE**[2]

Dated: September ____, 2026

**FOR VALUE RECEIVED, Warrior Sports Holdings, LLC,** ("Borrower"), Debtor in Chapter 11 Case No. 26-49251-lsg in the U.S. Bankruptcy Court for the Eastern District of Michigan (the "Chapter 11 Case") promises to pay to the order of **Michael Scott, Jr.** ("Lender") on the Maturity Date (as defined herein) at c/o Taunt Law Firm, 3001 W. Big Beaver Rd., Ste. 100, Troy, MI 48084, or at such other place as Lender may designate in writing, the principal sum equal to Fifty Thousand Dollars ($50,000.00) or so much as has been advanced by Lender and not repaid pursuant to this Post-Petition Financing Note (the "Note"), plus interest as hereinafter provided, in lawful money of the United States.

All funds advanced must be used in accordance with the order of the United States Bankruptcy Court for the Eastern District of Michigan in (i) the Borrower's chapter 11 bankruptcy case approving this Note and the debtor-in-possession financing from the Lender to the Borrower (the "DIP Approval Order") and (ii) the DIP Loan Documents[3] (as defined below and in the DIP Approval Order), and that the funds requested are needed by the Borrower for the purposes permitted thereunder. The Borrower shall use advances under this Note only for payment of actual and/or necessary costs of operation of the Borrower, as set forth in the Budget (as defined in the DIP Approval Order).

The Borrower's ability to request advances under this Note shall terminate on the earlier of the following (the "Termination Date"), unless the Termination Date is extended by written stipulation of Lender and the Borrower: (i) an Event of Default (as defined in the DIP Approval Order) or (ii) the Maturity Date. .

The unpaid principal balance outstanding from time to time under this Note shall bear interest at seven percent (7%) per annum. Interest shall be calculated on the basis of a 360 day year for the actual number of days elapsed. In the event of default, the "Default Rate" shall be nine percent (9%) per annum.

The unpaid principal balance and all accrued interest thereon shall be due and payable in full on (i) the effective date of Debtor's Chapter 11 Plan in the Bankruptcy Case (the "Maturity Date") or (ii) earlier upon an Event of Default.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the DIP Approval Order (as defined herein).

[3] "DIP Loan Documents" shall mean, collectively, this Note, the DIP Approval Order, and any other document, instrument or agreement evidencing this Note; together with any and all modifications and amendments to any of the foregoing.

Borrower may prepay all or any portion of the indebtedness outstanding hereunder at any time, without premium or penalty.

Nothing herein contained, nor any transaction relating thereto, or hereto, shall be construed or operate to require the Borrower to pay, or be charged, interest at a greater rate than the maximum allowed by the applicable law relating to this Note. Should any interest or other charges, charged, paid or payable by the Borrower in connection with this Note, or any other document delivered in connection herewith, result in the charging, compensation, payment or earning of interest in excess of the maximum allowed by the applicable law as aforesaid, then any and all such excess shall be and the same is hereby waived by the holder, and any and all such excess paid shall be automatically credited against and in reduction of the principal due under this Note.

If any Event of Default (as defined in the DIP Approval Order) occurs under the DIP Approval Order, it shall also constitute an "Event of Default" under this Note.

Borrower hereby waives presentment for payment, demand, notice of non-payment, notice of protest and protest of this Note, diligence in collection or bringing suit.

The terms of this Note bind and benefit the Borrower and Lender, and neither Borrower nor Lender shall assign their respective rights or obligations under this Note.

This Note is to be construed in accordance with the internal laws (but not the law of conflicts) of the State of Michigan.

**IN RECOGNITION OF THE HIGHER COSTS AND DELAY WHICH MAY RESULT FROM A JURY TRIAL, BORROWER AND LENDER WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION (A) ARISING HEREUNDER OR IN CONNECTION WITH THE OBLIGATIONS, OR (B) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF THE PARTIES HERETO OR ANY OF THEM WITH RESPECT HERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE; AND BORROWER FURTHER WAIVES ANY RIGHT TO CONSOLIDATE ANY SUCH ACTION IN WHICH A JURY TRIAL HAS BEEN WAIVED WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT BE OR HAS NOT BEEN WAIVED; AND BORROWER HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT ANY PARTY HERETO MAY FILE AN ORIGINAL COPY OF THIS NOTE WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF BORROWER TO THE WAIVER OF ITS RIGHT TO TRIAL BY JURY.**

[Signature Page Follows]

**"BORROWER"**

**Warrior Sports Holdings LLC**,
A Michigan limited liability company

____________________________________

By: Michael T. Scott, Jr.

Its: Sole Member

**ACCEPTED AND AGREED TO:**

**"LENDER"**

________________________
Michael Scott, Jr.